In the Matter of HERMAN FRIEDEL, Appellant, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Regents, suspending appellant's license to practice medicine for a period of six months. Hearings were had before a subcommittee of the Medical Grievance Committee, consisting of three members. This subcommittee found that there were discrepancies and inconsistencies in the testimony given to support the charges. However, the subcommittee reached the conclusion that the charges were sustained and recommended censure and reprimand. The Medical Grievance Committee, consisting of ten members, reviewed the proceeding. Five members voted for censure and reprimand. Five members voted for suspension of appellant's license for a period of one year, and so recommended to the Board of Regents. The Board of Regents made a determination that appellant's license to practice medicine be suspended for a period of six months. Testimony to sustain the charges was furnished by paid investigators. Their testimony was under attack. Cross-examination was restricted. The record contains instances where the privilege of cross-examination was curtailed and where, if pursued, it might have led to disclosures and a different result than announced. The decision should be reversed and the matter remitted for further action. Determination reversed and matter remitted, with $50 costs and disbursements. Hill, P. J., Foster and Lawrence, JJ., concur; Foster, J., in the following memorandum: I concur in the report for annulment and remission on the ground that petitioner-appellant's right of cross-examination was unduly restricted. Personally I should be glad to accede to any arrangement arrived at by the medical profession, or any other profession, to wash its dirty linen with or without trial; but it so happens that a proceeding of this character is governed by statutory direction. And one of the directives is that a **physician accused shall** have the right to cross-examine witnesses who testify against him (Education Law, § 1265, subd. 4). This is not merely a rule of evidence, which the triers of the fact are authorized to disregard, but one of the fundamental elements of a fair hearing. It is especially important when the only testimony given against a physician is that of paid investigators; and also when the only issues involved are simple issues of fact. Such is the case here, and yet cross-examination was denied as to matters which any competent advocate would feel himself bound to inquire into on any ordinary trial. This conduct on the part of the triers of the facts, amounting in effect to shielding witnesses, must inevitably lead to the suspicion that the witnesses' credibility has already been accepted and the case prejudged. Heffernan and Brewster, JJ., dissent on the ground that there is sufficient evidence to justify the determination by the Board of Regents under their broad powers. It is our understanding that in proceedings of this kind the rule which prevails as to the law of evidence comes also somewhat **into**

play as regards the allowance of indulgence in cross-examination. By this we mean that in such a proceeding the broad power of the court as respects the limit of cross-examination is made even broader.